No. 782
RALSTON v. RALSTON STEEL CAR
CO. et al

Ohio Appeals, 4th Dist., Franklin County
No. 1279. Decided October 7, 1924

419. DOWER—At common law no dowerable interest in leasehold.

2. Leasehold held personal property.

3. Leasehold an estate of inheritance in Ohio.

3. Widow held entitled to dower in a ninety-nine year leasehold estate.

MAUCK, J.                    Epitomized Opinion
Published Only in Ohio Law Abstract

The administratrix of the estate of Joseph Ralston filed an action in the Franklin Probate for the sale of the leasehold held by her decedent, for a term of 99 years, renewable forever, on certain real estate in Columbus, for the payment of the debts of the decedent. The widow of the decedent filed her answer, asking that the value of her dower estate in said leasehold be ascertained and that she be paid such value in cash. From the judgment rendered in the Probate, an appeal was taken to the Common Pleas and in this court it was determined that the widow had no dower in the property in question. The widow prosecuted error. In reversing the judgment of the lower court, the Court of Appeals held:

1. At common law the right of dower did not attach to a leasehold, one of the requirements of dower being that the deceased husband during coverture should be seized of an estate of inheritance in the land in which dower was claimed.

2. Under the law of Ohio a leasehold for a term of years, however long, is personal property.

3. Under 8597 GC. a leasehold is made an estate of inheritance and under 8606 GC. a widow is dowerable therein.

Attorneys—Frank M. Raymond and Hugh Huntington, for Ralston; Turner, Calland & Summers, for Ralston Co. et; all of Columbus.

No. 783
STATE ex MATTHEWS et al v. BAZEN

Ohio Appeals, 3rd Dist., Marion County
No. 633. Decided Oct. 8, 1924

874. ORDINANCES—Ordinance regulating location of gas stations held unconstitutional as a delegation of legislative power.

WARDEN, J.                    Epitomized Opinion
Published Only in Ohio Law Abstract

The sole question raised by the pleadings was the constitutionality of Ordinance 1507 of the City of Marion regulating the location of public automobile gasoline or oil filling stations and sales depots. In holding the ordinance invalid, the Court of Appeals held:

1. The ordinance is invalid because of its alleged delegation of legislative power. (Cincinnati v. Cook, 107 OS. 223 cited and followed.)

Attorneys—Crissinger, Guthery & Strelitz, for State; Grant E. Mouser, Jr., for Bazen; all of Marion.